RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 01 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| JOHN DOE, | CIVIL ACTION FILE NO. |
| Plaintiff, | |
| vs. | **1:25-CV-2421** |
| NATIONAL FOOTBALL LEAGUE | |
| Defendant | |

# COMPLAINT

1. Parties

a. Plaintiff John Doe is a resident of the State of Georgia and a consumer of the products and services of the National Football League (NFL).

b. Defendant National Football League is an organized professional sports league operating throughout the United States, with its principal place of business located at 345 Park Avenue, New York, NY 10154.

2. Jurisdiction and Venue

1

a. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as it involves claims arising under federal law, specifically the Sherman Antitrust Act (15 U.S.C. §§ 1-7) and the Civil Rights Act (42 U.S.C. § 1981).

b. Venue is proper in this Court as the NFL operates nationally and affects consumers, including the Plaintiff, in this district.

3. Request to Proceed In Forma Pauperis

Plaintiff requests permission to proceed in forma pauperis, as he is unable to pay the filing fees associated with this complaint. A motion to proceed in forma pauperis is attached hereto, detailing the financial circumstances that warrant this request.

4. Factual Background

a. Plaintiff is a dedicated fan of Colorado football and has closely followed Shedeur Sanders throughout the 2023 and 2024 seasons.

b. Plaintiff attended the Colorado Buffaloes' first game against the TCU Horned Frogs on September 2, 2023, witnessing firsthand Sanders' exceptional talent and potential as a quarterback in Coach Deion Sanders' debut with the program.

c. Plaintiff regularly consumes media content related to Shedeur Sanders, including programming from Well Off Media.

d. Despite Sanders' demonstrated skills and significant attention during the 2023 and 2024 seasons, the NFL drafted him at the 144th pick during the 2025 NFL Draft.

2

e. Reports and leaked statements suggested that Sanders "tanked interviews," "wasn't prepared," and "was too cocky," which contributed to a narrative that has unjustly harmed his reputation and potential as a player.

f. These slanderous statements reflect biases that influenced the NFL's decision-making process, causing emotional distress and trauma to the Plaintiff as a fan and consumer.

5. Claims for Relief

Plaintiff alleges the following claims against the Defendant:

a. Violation of the Sherman Antitrust Act (15 U.S.C. §§ 1-7): The collusion among NFL teams to influence the drafting process and the subsequent low selection of Shedeur Sanders constitutes a conspiracy to restrain trade and limit competition within the league.

b. Violation of the Civil Rights Act (42 U.S.C. § 1981): The decisions made regarding Sanders may have been influenced by racial discrimination, violating his rights as a player.

c. Intentional Infliction of Emotional Distress and Trauma: The NFL's actions and the dissemination of slanderous statements have caused severe emotional distress and trauma to the Plaintiff, resulting in frustration, disappointment, and psychological harm as a fan.

d. Violations of Consumer Protection Laws: The NFL may have engaged in unfair practices by misrepresenting the nature of the drafting process and the qualifications of players.

6. Relief Sought

Plaintiff respectfully requests the following relief:

a. A formal acknowledgment from the NFL regarding the emotional distress caused by their actions and statements.

3

b. A retraction of the slanderous statements made about Shedeur Sanders, along with an apology for any harm caused to his reputation.

c. Implementation of fairer practices in the drafting process to ensure that talented players are recognized and given opportunities based on merit.

d. Punitive damages in the amount of $100,000,000.00 for the harm caused to the Plaintiff and the impact of the NFL's actions on his emotional well-being.

e. Any additional remedies the Court deems appropriate, including compensatory damages.

7. Conclusion

Plaintiff requests that the Court consider this complaint and take appropriate action to address the intentional emotional distress and trauma suffered as a result of the NFL's collusive practices and the harmful statements made regarding Shedeur Sanders.

Respectfully submitted, this 1st day of MAY, 2025

John Doe
1145 Golden Valley Court
Lawrenceville, Ga 30043
6788998796
eric@ga400express.com

4

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| JOHN DOE, <br>     Plaintiff, <br> vs. <br> NATIONAL FOOTBALL LEAGUE <br>     Defendant | CIVIL ACTION FILE NO. |

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have caused to be served the following documents:

1. Complaint

2. Summons

3. Motion to Proceed In Forma Pauperis

on the Defendant, National Football League (NFL), by U.S. Marshal Service on this 1ST DAY of MAY, 2025.

1

1  The documents were served by delivering copies to the following address:

3  National Football League

4  345 Park Avenue

6  New York, NY 10154

9  Respectfully submitted, this 1st day of MAY, 2025

_____
John Doe
1145 Golden Valley Court
Lawrenceville, Ga 30043
6788998796
eric@ga400express.com

2