FILED IN CLERK'S OFFICE
U.S.D.C. -Atlanta

MAY 1 2 2025

KEVIN P WEIMER, Clerk
By:  Deputy Clerk

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**JOHN DOE,**
Plaintiff,

v.

Civil Action No. 1:25-cv-02421-SEG

**NATIONAL FOOTBALL LEAGUE,**
Defendant.

## COMPLAINT OF INTERVENOR PLAINTIFFS

### RODERICK BROWN AND LACREATCIA BROWN

COME NOW Intervenor Plaintiffs, Roderick Brown and Lacreatcia Brown, and file this Complaint in Intervention pursuant to Federal Rule of Civil Procedure 24, and in support thereof state as follows:

## 1. PARTIES

a. Intervenor Plaintiffs Roderick Brown and Lacreatcia Brown are residents of Atlanta, Georgia, and have been loyal fans and supporters of Deion Sanders and Shedeur Sanders for over 20 years. They have also been active consumers of NFL games, programming, and merchandise for over the last 40 years.

b. Defendant National Football League (NFL) is a professional sports organization with its principal place of business at 345 Park Avenue, New York, NY 10154.

## 2. JURISDICTION AND VENUE

a. This Court has subject matter jurisdiction pursuant to **28 U.S.C. § 1331**, as this action arises under the **Sherman Antitrust Act** (15 U.S.C. §§ 1–7) and the **Civil Rights Act** (42 U.S.C. § 1981).

b. Jurisdiction is also proper under **28 U.S.C. § 1331** (federal question) **28 U.S.C. § 1343(a)(3)**, which authorizes federal courts to hear civil rights claims brought under 42 U.S.C. § 1981 and other related provisions addressing deprivations of constitutional and statutory rights.

c. To the extent that Intervenor Plaintiffs raise state law claims (e.g., intentional infliction of emotional distress and deceptive trade practices), this Court has **supplemental jurisdiction** under **28 U.S.C. § 1367(a)**, as those claims form part of the same case or controversy under Article III of the United States Constitution.

d. Venue is proper in this district under **28 U.S.C. § 1391(b)** because a substantial part of the events giving rise to the claims occurred in this District, and because the NFL's business activities—particularly the dissemination of its televised content, commercial promotion, and consumer engagement—reach and affect residents of Georgia, including Intervenor Plaintiffs.

## 3. INTEREST OF INTERVENOR PLAINTIFFS

a. Roderick Brown and Lacreatcia Brown have followed Deion Sanders since the 1990s, including his time in the NFL, MLB, and now as head coach at the University of Colorado.

b. They have proudly supported Shedeur Sanders as a rising football star, having attended games, subscribed to online media channels, and purchased merchandise in support of the Sanders family.

c. They suffered personal anguish, emotional pain, and psychological distress upon witnessing what they allege was a coordinated and humiliating campaign during the 2025 NFL Draft to diminish Shedeur Sanders' professional standing.

## 4. FACTUAL ALLEGATIONS

a. During the 2023 and 2024 NCAA seasons, Shedeur Sanders was consistently ranked among the nation's top quarterbacks based on performance and media coverage.

b. Despite this, the NFL selected him with the 144th overall pick in the 2025 Draft—an outcome that shocked experts, analysts, and fans alike.

c. In the lead-up to the draft, unsubstantiated and racially coded narratives were circulated about Sanders, such as being "cocky," "uncoachable," and "unprepared," with no meaningful rebuttal from NFL leadership.

d. The NFL's failure to challenge these narratives—while allowing them to define Sanders' public image—amounted to reputational sabotage of both Shedeur and his father, Deion Sanders.

e. The Intervenor Plaintiffs assert that the NFL's conduct reinforced a systemic bias against outspoken and independent Black athletes and coaches.

## 5. CLAIMS FOR RELIEF

### Count I: Violation of the Sherman Antitrust Act (15 U.S.C. §§ 1–7)
NFL team officials and executives conspired to suppress Shedeur Sanders' draft value, thereby restraining trade and undermining competitive integrity in violation of antitrust law.

### Count II: Violation of the Civil Rights Act (42 U.S.C. § 1981)
By tolerating and disseminating racially biased narratives during the draft process, the NFL interfered with Shedeur Sanders' right to enter into contracts free from racial discrimination—causing indirect harm to Black fans and consumers.

### Count III: Intentional Infliction of Emotional Distress
The NFL's orchestrated actions during the 2025 Draft caused severe emotional harm to Intervenor Plaintiffs, including anxiety, distress, and loss of trust in the integrity of the league.

### Count IV: Violation of State Consumer Protection Laws
The NFL promoted a fair and merit-based draft while engaging in or tolerating deceptive conduct that misled consumers and undermined public confidence in its integrity.

### Count V – *Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985(3))*
NFL executives conspired to deprive Black athletes like Shedeur Sanders of their civil rights by promoting exclusionary narratives.

## 6. RELIEF REQUESTED

WHEREFORE, Intervenor Plaintiffs respectfully request that this Court:

a. Order a public apology and retraction of the false and damaging narratives targeting Shedeur Sanders;

b. Find Defendant NFL liable on all claims;

c. Award punitive damages in the amount of **$100,000,000.00** for emotional and cultural harm;

d. Order reforms to ensure fairness, transparency, and racial equity in the NFL Draft process;

e. Establish an independent review board to oversee racial equity and media accountability in future NFL Draft processes;

f. Award costs and, if applicable, attorneys' fees;

g. Grant such further relief as the Court deems just and proper.

**Respectfully submitted this** ___ **day of May, 2025.**

*[signature]*

**Roderick Brown**
1150 Astor Ave, SW, Apt-2415
Atlanta, GA 30310
770-990-0058
brownrod35@gmail.com
**Pro Se**

*[signature]*

**Lacreatcia Brown**
6020 Preserve Pass
Fairburn, GA 30213
404-956-2212
crebrown@yahoo.com
**Pro Se**