UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 1 2 2025

KEVIN P WEIMER, Clerk
By: _____ Deputy Clerk

JOHN DOE,
Plaintiff,

v. Civil Action No. 1:25-cv-02421-SEG

NATIONAL FOOTBALL LEAGUE,
Defendant.

---

# MOTION FOR EARLY AND TARGETED DISCOVERY

BY INTERVENOR PLAINTIFF RODERICK BROWN

NOW COMES Intervenor Plaintiff **Roderick Brown**, appearing pro se, and pursuant to Federal Rules of Civil Procedure **26, 33, 34, 36, and 45**, respectfully moves this Honorable Court for leave to conduct early and targeted discovery for the purpose of uncovering unlawful acts, collusion, and discriminatory practices by the **National Football League (NFL)** and its **member franchises**, particularly related to the 2025 NFL Draft and the treatment of **Shedeur Sanders**. In support of this motion, Intervenor Plaintiff shows the following:

---

## 1. LEGAL BASIS FOR DISCOVERY

a. Under **Fed. R. Civ. P. 26(b)(1)**, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.

b. Rule 26(d)(1) permits discovery to begin prior to a Rule 26(f) conference **upon court order**. Given the urgency, public interest, and volume of evidence likely to be in the exclusive possession of the NFL, such an order is warranted here.

---

## 2. GROUNDS FOR REQUEST

a. Multiple credible media reports, statements, and whistleblower leaks indicate that **NFL team executives** and/or **league officials** discussed **Shedeur Sanders in a disparaging and coordinated manner,** including references to him being "cocky," "uncoachable," or "disrespectful"—language often tied to racially coded stereotypes.

b. Teams with glaring quarterback needs—including franchises that drafted passers ahead of Sanders—**passed over him without valid competitive explanation**, raising legitimate questions about **collusion, racial bias,** and **tampering**.

c. The targeted damage to Sanders' draft status appears **systematically orchestrated**, not individually decided, and interferes with his right to fair employment and contract opportunities under **42 U.S.C. § 1981**, while also violating **federal antitrust laws** under **15 U.S.C. §§ 1–7**.

d. The NFL's control over player narratives, media influence, and internal communications—including possible coordination with team owners—constitutes a **monopolistic abuse of power** that must be exposed through court-ordered discovery.

## 3. DISCOVERY SOUGHT

Intervenor Plaintiff respectfully seeks leave to serve the following early discovery requests:

### A. DOCUMENT REQUESTS (Rule 34)

1. All internal communications, including emails, text messages, and memos between **NFL executives**, **league officials**, and **team general managers or owners**, relating to **Shedeur Sanders** from January 1, 2024 to May 1, 2025.
2. All scouting reports, internal assessments, draft boards, and interview notes used by NFL teams when evaluating quarterbacks in the 2025 Draft.
3. Any audio or video recordings of **team meetings, draft room communications**, or **NFL Combine sessions** involving Sanders.
4. Communications with third-party media outlets regarding the narrative and public portrayal of Sanders before the draft.

### B. INTERROGATORIES (Rule 33)

1. Identify all individuals involved in discussions regarding Shedeur Sanders' draft value, including any reasons given for passing on him during the 2025 NFL Draft.
2. Describe the decision-making process used by teams that selected quarterbacks before pick 144, including what criteria were used and whether race, media image, or public perception were factors.

### C. REQUESTS FOR ADMISSION (Rule 36)

1. Admit that no quarterback drafted ahead of Sanders had statistically superior performance in both the 2023 and 2024 NCAA seasons.
2. Admit that NFL officials or team representatives made disparaging statements regarding Sanders' personality, media image, or family affiliation.

### D. SUBPOENAS (Rule 45)

Intervenor requests permission to subpoena:

- **Team owners and general managers** of franchises that selected quarterbacks in the first four rounds of the 2025 Draft;
- **NFL executives involved in the draft process**, including those in charge of media and public relations;
- **Independent scouting agencies** used by NFL franchises for draft evaluations.

## 4. NECESSITY AND TIMING

This discovery is **urgent and essential** to uncovering the truth behind what appears to be a **coordinated and racially motivated smear campaign** and systemic abuse of economic power by the NFL. The actions at issue have caused irreparable harm not only to Shedeur Sanders but also to Intervenor Plaintiff and other fans who reasonably expected fairness, integrity, and nondiscrimination.

## 5. PRAYER FOR RELIEF

WHEREFORE, Intervenor Plaintiff respectfully requests that this Honorable Court:

1. GRANT this motion for early and targeted discovery;
2. AUTHORIZE the issuance of subpoenas and service of interrogatories, requests for production, and requests for admission, as outlined;
3. ORDER the Defendant and relevant third parties to preserve all records related to the 2025 NFL Draft;
4. GRANT any other relief the Court deems just and proper.

Respectfully submitted this _8_ day of May, 2025.

**Roderick Brown**
1150 Astor Ave SW
Apt-2415
Atlanta, GA 30310
770-990-0058
brownrod35@gmail.com
*Pro Se*