IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| JOHN DOE, | CIVIL ACTION FILE NO. |
| Plaintiff, | 1:25-cv-02421-SEG |
| vs. | |
| NATIONAL FOOTBALL LEAGUE | |
| Defendant | |

ARGUMENT AGAINST DISMISSAL OF COMPLAINT IN FRIVOLITY REVIEW

I. Introduction

Let us review the judicial order granting Plaintiff forma pauperis status, which acknowledges his inability to pay the associated costs of litigation. In conjunction with this, I would like to address the request for a frivolity review pursuant to 28 U.S.C. § 1915. The law dictates that this review should occur at the time of submission of the petition to proceed in forma pauperis. In support of this argument, I intend to include relevant case law, public statements, media reports, and recent historical legal cases involving the Defendant, including a 61-page arbitration report that found evidence of

1

collusion against Black quarterbacks, all of which establish the merit of the claims asserted in the complaint.

II. Legal Framework for Frivolity Review

Under 28 U.S.C. § 1915(e)(2), a court is required to dismiss a complaint if it determines that the allegation of poverty is untrue or if the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is considered frivolous if it "lacks an arguable basis either in law or in fact" (Neitzke v. Williams, 490 U.S. 319, 325 (1989)). The standard for dismissal should be applied with caution, particularly regarding complaints filed by pro se litigants.

III. Meritorious Claims and Supporting Evidence

A. Other Racial Discrimination Cases Filed Against the NFL

1. Trotter v. The National Football League, et al., No. 23 Civ. 08055 (PAC)

- Defendants' Position: The NFL has taken the morally abhorrent position that it is permitted to terminate employees for raising complaints about the lack of racial inclusion.

2

- Discriminatory Conduct: Mr. Trotter observed various forms of discrimination within the NFL, including racist conduct by management and a lack of racial diversity in management positions.

- Silencing of Claims: There is a concerning trend of silencing employees who raise discrimination claims, which warrants examination in relation to Shedeur Sanders.

- Awareness by Leadership: Mr. Roger Goodell acknowledged Mr. Trotter's concerns regarding the NFL's practices and their disparate impact on Black employees, indicating a recognition of systemic issues within the organization.

2. Flores, et al. v. NFL, et al., No. 22 Civ. 00871 (VEC)

- Systemic Discrimination: This high-profile case publicly highlighted systemic discrimination against Black coaches within the NFL.

- Failure to Promote Diversity: Mr. Goodell faced scrutiny for the NFL's failure to hire and promote Black senior-level employees, raising questions about the organization's commitment to diversity in decision-making roles.

B. Evidence of Collusion

1. Colin Kaepernick's Lawsuit: In 2019, Kaepernick filed a lawsuit alleging collusion among NFL teams, which led to a settlement that revealed troubling practices within the league.

3

2. Arbitration Report: A 61-page arbitration report found evidence of collusion against Black quarterbacks, affirming that systemic biases have influenced player evaluations and opportunities.

- Source: As reported by Mike Florio on January 31, 2025, the arbitrator found significant evidence of collusion among NFL teams concerning quarterback deals, although no specific damages were determined.

C. Recent Incidents Involving Shedeur Sanders

1. Pre-Draft Incident with the New York Giants: Reports emerged concerning a troubling pre-draft incident between Shedeur Sanders and Giants head coach Brian Daboll, suggesting that negative narratives impacted Sanders' draft prospects.

- Media Coverage: Michael Gallagher reported on April 26, 2025, that McShay revealed details of this incident during a broadcast, raising concerns about the treatment of Sanders.

- Contradictions: It was later reported that the incident as described did not actually occur, which can be verified through discovery.

2. Statistical Discrimination Against Black Quarterbacks: A statistical analysis conducted from 2010 to 2022 by SFGATE indicates that Black quarterbacks have been chronically undervalued in the draft process.

4

- Disparity in Opportunities: The analysis found that Black quarterbacks had significantly better odds of reaching the Pro Bowl compared to their peers, despite being drafted lower, highlighting systemic biases that have resulted in tens of millions of dollars lost.

3. Controversy Surrounding the Pittsburgh Steelers: Reports indicate that the Pittsburgh Steelers may have misled Shedeur Sanders about their interest in drafting him.
- Pre-Draft Interest: Despite initially showing interest, the Steelers passed on Sanders multiple times during the draft, raising questions about the integrity of their evaluation process.

4. Public Statements Affecting Sanders' Draft Stock: Comments made by Boomer Esiason and NFL personnel indicated that Sanders was removed from several teams' draft boards due to perceived attitude issues.
- Character Assessments: Esiason stated that owners demanded Sanders be taken off the board, reflecting biases against him that may stem from racial stereotypes.

IV. Case Law Supporting Pro Se Litigants

The standard set forth in Conley v. Gibson, 355 U.S. 41 (1957), states that a complaint should not be dismissed unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of the claims that would entitle him to relief. Moreover, the

5

United States Supreme Court encourages courts to permit amendments to complaints to correct deficiencies, as seen in Forman v. Davis, 371 U.S. 178, 182 (1962). Pro se litigants, such as the Plaintiff, are afforded more latitude to address any perceived shortcomings in their pleadings.

V. Reservation of Right to Amend Complaint and Motion for Court-Appointed Counsel

1. Statement of Reservation of Right to Amend Complaint: Plaintiff reserves the right to amend the complaint to include additional claims and allegations as warranted by evidence uncovered during the discovery process. This reservation is crucial to ensuring that all relevant facts and claims are adequately presented to the Court.

2. Motion for Court-Appointed Counsel: Given the complexities of this litigation against a powerful entity like the NFL, Plaintiff respectfully requests the appointment of legal counsel. As a pro se litigant, the Plaintiff recognizes the challenges in effectively presenting claims against an organization with substantial resources, and experienced legal representation is vital to navigate the intricate issues involved.

VI. Conclusion

In light of the substantial evidence, supporting case law, and public statements relevant to the Plaintiff's claims, including the findings of the 61-page arbitration report and the historical context of discrimination cases against the NFL, it is clear that the allegations

presented are meritorious and warrant further exploration. Dismissing the complaint at this stage would deny the Plaintiff his right to seek justice and hold the Defendant accountable for the alleged wrongdoing.

WHEREFORE, the Plaintiff prays that this Honorable Court grant the motions outlined above, including acknowledgment of the reservation of the right to amend the complaint and the appointment of counsel.

Respectfully submitted, this 19th day of MAY, 2025

_____
John Doe
1145 Golden Valley Court
Lawrenceville, Ga 30043
6788998796
eric@ga400express.com

7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>vs.<br><br>NATIONAL FOOTBALL LEAGUE<br><br>    Defendant | CIVIL ACTION FILE NO. |

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have caused to be served the following documents:

1. ARGUMENT AGAINST DISMISSAL OF COMPLAINT IN FRIVOLITY REVIEW

on the Defendant, National Football League (NFL), by U.S.P.S. FIRST CLASS MAIL on this 19TH DAY of MAY, 2025.

The documents were served by delivering copies to the following address:

1

National Football League

345 Park Avenue

New York, NY 10154

Respectfully submitted, this 19th day of MAY, 2025

_____
John Doe
1145 Golden Valley Court
Lawrenceville, Ga 30043
6788998796
eric@ga400express.com

2