FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 27 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| JOHN DOE, | CIVIL ACTION FILE NO. |
| Plaintiff, | 1:25-cv-02421-SEG |
| vs. | |
| NATIONAL FOOTBALL LEAGUE | |
| Defendant | |

# PLAINTIFF MOTION FOR NON-PARTY SUBPOENA DIRECTED TO BOOMER ESIASON AND WFAN SPORTS RADIO

Plaintiff JOHN DOE, respectfully moves this Court for an order permitting the issuance of a subpoena duces tecum directed to WFAN Sports Radio and Boomer Esiason pursuant to Rule 45 of the Federal Rules of Civil Procedure, which governs the issuance of subpoenas to non-parties, and is necessary to ensure that relevant evidence is preserved and made available for consideration in this matter. In support of this motion, Plaintiff states as follows:

1

## I. INTRODUCTION

1. This motion seeks to subpoena the broadcast segment featuring Boomer Esiason on WFAN Sports Radio, during which he made statements regarding the decision of certain NFL owners to instruct their teams to remove Shedeur Sanders from their draft boards.

2. The information obtained through this subpoena is essential for identifying the specific owners, general managers, or representatives who communicated this directive, which is critical to the Plaintiff's claims regarding potential collusion and discrimination in the NFL draft process.

## II. FACTUAL BACKGROUND

3. During a broadcast on or about April 28, 2025, Boomer Esiason stated that multiple NFL owners had communicated to their teams to remove Shedeur Sanders from their draft boards. He cited conversations with personnel people in the NFL who confirmed this directive, suggesting that it was motivated by perceived character concerns about Sanders.

2

4. Esiason's remarks could provide vital insight into the decision-making processes of NFL teams and the influence of ownership on player evaluations.

III. REQUEST FOR PRODUCTION

YOU ARE COMMANDED to answer, produce at the time, date, and place set forth the following documents, electronically stored information, or objects described in Exhibit A, and information related to the WFAN broadcast that aired on or about April 28, during which Boomer Esiason made statements regarding Shedeur Sanders, specifically including the following quoted remarks:

"He's very high on himself, and I think he was very off-putting to many, many coaches and general managers in the league. I'm telling you right now — and I know this after talking to three different personnel people in the NFL this weekend — they didn't even have him on their board. They took him off, and they took him off because the owner said, 'Take him off, I don't want that guy. I don't want this entitled person on our team.' And I don't blame them."

Plaintiff requests that WFAN and Boomer Esiason produce the following:

3

1. The full recording and transcript of the broadcast segment featuring Boomer Esiason's comments regarding Shedeur Sanders, including any related discussions that took place during that broadcast.

2. Any internal communications, emails, notes, or documents related to the preparation, content, and airing of the broadcast segment in question.

a. Any communications between WFAN and NFL team personnel, owners, or agents regarding Shedeur Sanders or related subjects.

3. Any records or communications that identify the NFL owners, general managers, or representatives who communicated the directive to remove Shedeur Sanders from their draft boards, including but not limited to emails, memos, and meeting notes.

4. Any policies, guidelines, or standard operating procedures related to the broadcasting of content that discusses player evaluations, draft strategies, or any other relevant topics.

5. Minutes, agendas, or notes from any meetings that involved discussions about the content of the broadcast segment featuring Boomer Esiason's comments on Shedeur Sanders.

4

6. Any additional documents, records, or materials that are responsive to the topics addressed in the broadcast segment or that may pertain to the decisions made regarding Shedeur Sanders as discussed by Boomer Esiason.

IV. INSTRUCTIONS FOR RESPONSES

In addition to the production of the requested documents, Plaintiff requests that the following questions be included in the Court's order and answered.

1. Can you identify any specific NFL owners, general managers, or representatives who communicated the directive to remove Shedeur Sanders from their draft boards?

2. Please describe the context in which Boomer Esiason made the statements regarding Shedeur Sanders during the WFAN broadcast on or about April 28, 2025?

3. Who were the "personnel people" mentioned by Boomer Esiason in relation to the removal of Shedeur Sanders from draft boards?

4. Are there any written communications or records pertaining to the decision to remove Shedeur Sanders from the draft boards that you can provide?

5

5. What internal discussions took place at WFAN regarding the content of the broadcast segment featuring Boomer Esiason's comments on Shedeur Sanders?

## V. PRESERVATION OF MATERIALS

Plaintiff respectfully requests that the Court order the preservation of all materials and documents responsive to the subpoena, including but not limited to the broadcast recording, transcripts, communications, and any other relevant records, to prevent any alteration, destruction, or loss of evidence.

## VI. ARGUMENT

6. The requested materials are relevant and necessary for Plaintiff to establish claims regarding collusion or discriminatory practices within the NFL draft process. The information sought is critical to understanding the dynamics of player evaluations and decision-making among NFL teams.

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

6

1. Grant the motion for a subpoena duces tecum directed to WFAN Sports Radio and Boomer Esiason, commanding the production of the documents and electronically stored information as detailed in Exhibit A attached to this motion;

2. Compel WFAN and Boomer Esiason to answer the questions outlined in Exhibit A, ensuring that all responses are provided in accordance with the Court's order;

3. Order the preservation of all requested materials and documents related to the subpoena to prevent any alteration, destruction, or loss of evidence;

4. Specify the timeframe for production of the requested documents and answers to the questions, requiring compliance by or within 14 days after receiving the subpoena.

5. Award Plaintiff any further relief that the Court deems just and proper.

Respectfully submitted, this 27TH day of MAY, 2025

John Doe
1145 Golden Valley Court
Lawrenceville, Ga 30043
Eric@ga400Express.com
678-899-8796

7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>NATIONAL FOOTBALL LEAGUE<br><br>　　　　Defendant | CIVIL ACTION FILE NO.<br>1:25-cv-02421-SEG |

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have caused to be served the following documents:

1. PLAINTIFF MOTION FOR NON-PARTY SUBPOENA DIRECTED TO BOOMER ESIASON AND WFAN SPORTS RADIO

on the Defendant, National Football League (NFL), by U.S.P.S. FIRST CLASS MAIL on this 27th DAY of MAY, 2025.

1

1  The documents were served by delivering copies to the following address:

3  National Football League

4  345 Park Avenue

6  New York, NY 10154

9  Respectfully submitted, this 27th day of MAY, 2025

John Doe
1145 Golden Valley Court
Lawrenceville, Ga 30043
6788998796
eric@ga400express.com

2

## CERTIFICATE OF COMPLIANCE

I hereby certify that the documents to which this certificate is attached have been prepared in Book Antiqua font, 13-point type, which is one of the font and point selections approved by the Court in N.D. Ga. L.R. 5.1(C).

_____
Eric Jackson